**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DA'VHON YOUNG,
# N12032,**

      **Plaintiff,**

**vs.**                                            **Case No. 4:26cv55-MW-MAF**

**LEON COUNTY SHERIFF'S
OFFICE, et al.,**

      **Defendants.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff is a prisoner currently incarcerated in the Florida Department of Corrections and housed at Graceville Correctional Facility.  ECF No. 3 at 1.  Plaintiff has submitted a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 3, which is supported by a financial affidavit and a signed Prisoner Consent Form and Financial Certificate, to which is attached a copy of Plaintiff's Trust Fund Account Statement from the Florida Department of Corrections for the six month period of time prior to case initiation.  The motion demonstrates Plaintiff's entitlement to in forma pauperis status because he

lacks funds to pay the Court's filing fee.  However, a prisoner's account

balance is only one consideration in granting in forma pauperis status.

Plaintiff did not comply with the Local Rules of this Court which

require pro se litigants to file a civil rights complaint on the Court approved

form.  N.D. Fla. Loc. R. 5.7(A).  By failing to use that form. Plaintiff did not

list all of his prior cases.  Thus, the Court has made an independent review

of Plaintiff's litigation history in this Court to determine if Plaintiff's motion is

barred by the "three strikes" provision of 28 U.S.C. § 1915(g).

Plaintiff filed case number 4:23cv75-WS-MAF in this Court; the case

was dismissed as malicious for Plaintiff's misrepresentation of his litigation

history.  That case counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff

filed case number 4:24cv87-WS-MJF which was dismissed for the same

reason and counts as Plaintiff's second "strike."  Plaintiff filed case number

4:25cv321-MW-MAF which was also dismissed "for Plaintiff's failure to

truthfully disclose his litigation history."  ECF No. 5 of that case.

Moreover, Plaintiff also filed case number 4:24cv161-MW-MAF.

Defendant's motion to dismiss was granted on July 14, 2025, because

Plaintiff failed to satisfy the pre-suit notice requirement.  ECF No. 38 of that

case.  In dismissing that case, the Clerk of Court was directed to "note on

the docket that" the case was "dismissed pursuant to § 1915(e)(2)(B)(ii)," which means it was dismissed for failure to state a claim.  *Id.*

That means Plaintiff has had at least four cases dismissed for the reasons listed in § 1915(g).[1]  Thus, Plaintiff is not entitled to proceed with this case unless his complaint presents factual allegations which demonstrate that he faces "imminent danger of serious physical injury." Plaintiff has not done so.

Plaintiff's initial complaint is essentially a challenge to his conviction. ECF No. 1.  It does not concern any claims pertaining to the conditions of his confinement, nor does Plaintiff name any prison official as a Defendant in this case.  The complaint does not meet the "imminent danger" exception of § 1915(g).

Plaintiff is not entitled to proceed with in forma pauperis status; thus, Plaintiff's motion for in forma pauperis status, ECF No. 3, should be denied and this case should be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be

---

[1] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

dismissed without prejudice when an inmate who is subject to § 1915(g)

does not pay the filing fee at the time he initiates the suit).  Plaintiff "cannot

simply pay the filing fee after being denied in forma pauperis status."

Dupree, 284 F.3d at 1236.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion for leave to

proceed in forma pauperis, ECF No. 3, be **DENIED** and this case be

**DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).  It is

further recommended that if this Recommendation is adopted by the Court,

the Clerk of Court should be directed to note on the docket that this case

was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2026.


 S/    Martin A. Fitzpatrick       
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic</u>**

**docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:26cv55-MW-MAF